IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY LEONARD, | § | |
|     MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-142-N-BK |
| | § | (CRIMINAL NO. 3:18-CR-009-N-1) |
| UNITED STATES OF AMERICA, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Guy Leonard's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

In 2018, Leonard pled guilty to possession of a firearm after a felony conviction and, in June 2019, was sentenced to 72 months' imprisonment, to be served consecutively to any sentence imposed in Case Nos. F-1757608, F-1776233, F-1776265 and F-1776373, pending in the 203rd Judicial District Court of Dallas County, Texas. *United States v. Leonard*, No. 3:18-CR-009-N, Crim. Doc. 63 (N.D. Tex. June 6, 2019). Leonard did not pursue a direct appeal and

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

was subsequently returned to state custody, where he is awaiting trial on the pending state charges.

In the four grounds alleged in this timely section 2255 motion, Leonard asserts (1) he was in constructive possession of the firearm and (2) counsel was constitutionally ineffective in failing to adequately consult with him because of his "MHMR" (mental health and mental retardation) condition. Doc. 1 at 4-5, 7-9.[2] After reviewed of all pleadings and the applicable law, the Court concludes that Leonard's claims are vague and conclusory. Thus, the Section 2255 motion should be dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (en banc)). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.

### A. Constructive-Possession Claim Fails

In his first ground, Leonard asserts that he was in constructive possession of the firearm, which he maintains belonged to his roommate and was not listed on the search warrant. Doc. 1 at 4. However, insofar as Leonard challenges his guilty plea, his claim lacks any factual enhancement and, thus, is vague and conclusory.

---

[2] Contrary to Leonard's assertions in the Section 2255 motion, counsel did not file a direct appeal  *See* Doc. 1 at 2 ¶ 8; *see also* Doc. 1 at 4 (noting first issue was raised on direct appeal).

"[A] petitioner can successfully petition for § 2255 relief after a guilty plea only if: (1) the plea was not entered voluntarily or intelligently, or (2) the petitioner establishes that [he] is actually innocent of the underlying crime." *United States v. Thompson*, 158 F.3d 223, 225 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622-624 (1998)) (internal citations omitted). Leonard has failed to plead, much less establish, either here. Moreover, he does not contest the stipulated facts offered as a factual basis for his guilty plea. Crim. Doc. 45 at 2-3 (Factual Resume).

As noted in the Presentence Report (PSR), which was accepted as modified by the Addenda to the PSR at sentencing, Leonard pled guilty pursuant to a written plea agreement, in which he stipulated to the accuracy of the factual resume and acknowledged that his guilty plea was freely and voluntarily made. Crim. Doc. 54-1 at 3, PSR ¶ 9; Crim. Doc. 64 at 1 (Statement of Reasons); Crim. Doc. 46 at 6 (Plea Agreement). In the Factual Resume, Leonard admitted that (1) he was arrested on an outstanding warrant, (2) a loaded gun was recovered from his bed following a search of his residence, (3) he possessed this gun, which had traveled in interstate commerce, and (4) he was a convicted felon at the time he possessed this gun. Crim. Doc. 45 at 2-3. Thus, his first claim lacks merit.

### B. Ineffectiveness Claims Likewise Fail

Next, Leonard asserts his counsel rendered ineffective assistance in failing to adequately consult with him because of his "MHMR" condition. Doc. 1 at 4-5. He argues: "I should have been appointed a MHMR attorney to aid and assist me." Doc. 1 at 5. He further contends that he depended on his attorney to "represent [him] to the fullest" and to "be fair and take care of everything like he promise[d] . . . he would." Doc. 1 at 7-8.

To establish ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong, movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. To establish prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Leonard's claims are devoid of factual enhancement, however, and his vague assertions that counsel rendered ineffective assistance are clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation of what counsel did or failed to do, Leonard has not presented an issue of constitutional import. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."). Therefore, Leonard's ineffective assistance claims also fail.

### III. CONCLUSION

For the foregoing reasons, the Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on February 21, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).